1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

E-FILED 10/26/10
LINK 44
JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MITCHELL, PORTER & WILLIAMS, INC., THE ADIVANALA AA INVESTMENT TRUST, AB3, INC., and THOMAS L. MITCHELL,<br><br>Defendants. | Case No. CV 10-01576 PPG (FFMx)<br><br>**[~~PROPOSED~~] REVISED JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF BY DEFAULT AND ORDERS: (1) CONTINUING ASSET FREEZE AND (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS,** |

1    This matter came to be heard upon the Motion of the Plaintiff Securities and
2    Exchange Commission ("Commission") for a Judgment of Permanent Injunction
3    and Other Relief by Default and Orders: (1) Continuing Freeze of Asset Assets
4    and (2) Prohibiting The Destruction Of Documents. ("Motion for Judgment").

5    The Court, having considered the Commission's Motion for Judgment, the
6    Complaint, the Memorandum of Points and Authorities, and the Declarations and
7    other documents previously filed in this litigation, together with any opposition
8    papers filed by Defendants as well as all other evidence and argument presented,
9    finds that:

10    A.    This Court has jurisdiction over the parties to, and the subject matter
11    of, this action.

12    B.    Good cause exists to believe that defendants Mitchell, Porter &
13    Williams, Inc. ("MPW"), The Adivanala AA Investment Trust (the "AAA Trust"),
14    AB3, Inc. ("AB3"), and Thomas L. Mitchell ("Mitchell"), and each of them, have
15    engaged in, are engaging in, and are about to engage in transactions, acts, practices
16    and courses of business that variously constitute violations of Sections 5(a), 5(c)
17    and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a),
18    77e(c), and 77q(a), Sections 10(b) and 15(a) of the Securities Exchange Act of
19    1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78o(a), and Rule 10b-5
20    thereunder, 17 C.F.R. § 240.10b-5, and Sections 203A, 204, 206(1) and (2) of the
21    Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-3a, 80b-4,
22    80b-6(1) and (2), and Rules 204-2 and 206(4)-8 thereunder, 17 C.F.R. §§ 275.204-
23    2 and 275.206(4)-8.

24    C.    The Commission has demonstrated a probability of success on the
25    merits in this action and the possibility of dissipation of assets.  Moreover, each of
26    the Defendants has failed to file an Answer or other responsive pleading within the
27
28

1 │ time allowed and therefore is in default and the Clerk of the Court has previously
2 │ entered the Default of each party.

3 │     D.     Good cause exists to believe that defendants will continue to engage
4 │ in such violations to the immediate and irreparable loss and damage to investors
5 │ and to the general public unless they are permanently restrained and enjoined.

6 │     E.     It is appropriate and the interests of justice require that the
7 │ Commission's Motion for a Permanent Injunction and Other Relief by Default and
8 │ related Orders continuing the freeze of assets and prohibiting the destruction of
9 │ documents be granted

10 │                                      **I.**

11 │     IT IS HEREBY ORDERED that the Commission's Motion for a Judgment
12 │ of Permanent Injunction and Other Relief by Default And Orders:  (1) Continuing
13 │ the Freeze of Assets and (2) Prohibiting The Destruction Of Documents is
14 │ GRANTED.

15 │                                      **II.**

16 │     IT IS FURTHER ORDERED that Defendants MPW, the AAA Trust, AB3,
17 │ and Mitchell and their officers, agents, servants, employees, attorneys, subsidiaries
18 │ and affiliates, and those persons in active concert or participation with any of them,
19 │ who receive actual notice of this Order, by personal service or otherwise, and each
20 │ of them, be and hereby are permanently restrained and enjoined from, directly or
21 │ indirectly, making use of any means or instruments of transportation or
22 │ communication in interstate commerce or of the mails, to sell, to offer to sell, or to
23 │ offer to buy any security, or carrying or causing securities to be carried through the
24 │ mails or in interstate commerce, by any means or instruments of transportation, for
25 │ the purpose of sale or delivery after sale, in violation of Sections 5(a) and 5(c) of
26 │ the Securities Act, 15 U.S.C. §§ 77(e)(a) and 77(e)(c).

27 │
28 │

                                      2

**III.**

IT IS FURTHER ORDERED that Defendants MPW, the AAA Trust, AB3, and Mitchell and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

      a.    employing any device, scheme or artifice to defraud;

      b.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

      c.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**IV.**

IT IS FURTHER ORDERED that Defendants MPW, the AAA Trust, AB3, and Mitchell and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

3

1

2        a.     employing any device, scheme or artifice to defraud;

3        b.     making any untrue statement of a material fact or omitting to

4               state a material fact necessary in order to make the statements

5               made, in the light of the circumstances under which they were

6               made, not misleading; or

7        c.     engaging in any act, practice, or course of business which

8               operates or would operate as a fraud or deceit upon any person;

9 in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule

10 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**V.**

12     IT IS FURTHER ORDERED that Defendants Mitchell and MPW and their

13 officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and

14 those persons in active concert or participation with any of them, who receive

15 actual notice of this Order, by personal service or otherwise, and each of them, be

16 and hereby are permanently restrained and enjoined from, directly or indirectly, by

17 the use of the mails or means and instrumentalities of interstate commerce:

18        a.     employing devices, schemes and artifices to defraud clients or

19               prospective clients; or

20        b.     engaging in transactions, practices, and courses of business

21               which operate as a fraud or deceit upon clients or prospective

22               clients

23 in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1)

24 and (2).

**VI.**

26     IT IS FURTHER ORDERED that Defendants Mitchell and MPW and their

27 officers, agents, servants, employees, attorneys, and those persons in active concert

28

1 or participation with any of them, who receive actual notice of this Order, by
2 personal service or otherwise, and each of them, be and hereby are permanently
3 restrained and enjoined from, by the use of the mails or any means or
4 instrumentality of interstate commerce, directly or indirectly engaging in any act,
5 practice, or course of business which is fraudulent, deceptive, or manipulative with
6 respect to any investor or prospective investor in any pooled investment vehicle in
7 violation of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule
8 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

9                                                    **VII.**

10         IT IS FURTHER ORDERED that Defendant Mitchell, and his agents,
11 servants, employees, attorneys, and affiliates, and those persons in active concert
12 or participation with any of them, who receive actual notice of this Order, by
13 personal service or otherwise, and each of them, be and hereby are permanently
14 restrained and enjoined from, directly or indirectly, by use of the mails or means or
15 instrumentalities of interstate commerce effecting transactions in, inducing or
16 attempting to induce, the purchase or sale of securities, without being registered as
17 a broker or dealer in accordance with Section 15(a) of the Exchange Act, 15 U.S.C.
18 § 78o(a).

19                                                    **VIII.**

20         IT IS FURTHER ORDERED that Defendant MPW, and its officers, agents,
21 servants, employees, attorneys, subsidiaries and affiliates, and those persons in
22 active concert or participation with any of them, who receive actual notice of this
23 Order, by personal service or otherwise, and each of them, be and hereby are
24 permanently restrained and enjoined from, directly or indirectly, by use of the
25 mails or means or instrumentalities of interstate commerce registering under
26 Section 203 of the Advisers Act unless it has assets under management of not less

27

28

1 || than $25,000,000 in accordance with Section 203A of the Advisers Act, 15 U.S.C.
2 || § 80b-3a.

3 ||                                    **IX.**

4 ||      IT IS FURTHER ORDERED that Defendant Mitchell, and his agents,
5 || servants, employees, attorneys, and affiliates, and those persons in active concert
6 || or participation with any of them, who receive actual notice of this Order, by
7 || personal service or otherwise, and each of them, be and hereby are permanently
8 || restrained and enjoined from, directly or indirectly, by use of the mails or means or
9 || instrumentalities of interstate commerce aiding and abetting MPW's registration
10 || under Section 203 of the Advisers Act when it has assets under management of
11 || less than $25,000,000 in violation of Section 203A of the Advisers Act, 15 U.S.C.
12 || § 80b-3a.

13 ||                                    **X.**

14 ||      IT IS FURTHER ORDERED that Defendant MPW, and its officers, agents,
15 || servants, employees, attorneys, subsidiaries and affiliates, and those persons in
16 || active concert or participation with any of them, who receive actual notice of this
17 || Order, by personal service or otherwise, and each of them, be and hereby are
18 || permanently restrained and enjoined from, directly or indirectly, by use of the
19 || mails or means or instrumentalities of interstate commerce failing to make
20 || available upon proper request by representatives of the Commission's examination
21 || staff copies of certain customer account records it is required to maintain in
22 || accordance with Section 204 of the Advisers Act, 15 U.S.C. § 80b-4, and Rule
23 || 204-2 thereunder, 17 C.F.R. § 275.204-2.

24 ||                                    **XI.**

25 ||      IT IS FURTHER ORDERED that Defendant Mitchell, and his agents,
26 || servants, employees, attorneys, and affiliates, and those persons in active concert
27 || or participation with any of them, who receive actual notice of this Order, by

28 ||

1 | personal service or otherwise, and each of them, be and hereby are permanently
2 | restrained and enjoined from, directly or indirectly, by use of the mails or means or
3 | instrumentalities of interstate commerce aiding and abetting MPW's failure to
4 | make available upon proper request by representatives of the Commission's
5 | examination staff copies of certain customer account records it is required to
6 | maintain in accordance with Section 204 of the Advisers Act, 15 U.S.C. § 80b-4,
7 | and Rule 204-2 thereunder, 17 C.F.R. § 275.204-2.

8 | ### XII.

9 | IT IS FURTHER ORDERED that, except as otherwise ordered by this
10 | Court, Defendants MPW, the AAA Trust, AB3, and Mitchell, and their officers,
11 | agents, servants, employees, attorneys, subsidiaries and affiliates, and those
12 | persons in active concert or participation with any of them, who receive actual
13 | notice of this Order, by personal service or otherwise, and each of them, be and
14 | hereby are permanently restrained and enjoined from, directly or indirectly
15 | transferring, assigning, selling, hypothecating, changing, wasting, dissipating,
16 | converting, concealing, encumbering, or otherwise disposing of, in any manner,
17 | any funds, assets, securities, claims, or other real or personal property, including
18 | any notes or deeds of trust or other interests in real property, wherever located, of
19 | defendants MPW, the AAA Trust, AB3, and Mitchell or their subsidiaries or
20 | affiliates, owned by, controlled by, managed by or in the possession or custody of
21 | any of them and from transferring, encumbering, dissipating, incurring charges or
22 | cash advances on any debit or credit card or the credit arrangement, of the
23 | defendants, and their subsidiaries and affiliates.

24 | ### XIII.

25 | IT IS FURTHER ORDERED that, except as otherwise ordered by this
26 | Court, the immediate freeze previously place by this Court on March 3, 2010 (Dkt.
27 | No.10), and further continued on May 12, 2010 (Dkt. No. 33), shall be continued

28 |

1  regarding all monies and assets in all accounts at any bank, financial institution or

2  brokerage firm (including any futures commission merchant), all certificates of

3  deposit, and other funds or assets, held in the name of, for the benefit of, or over

4  which account authority is held by the defendants, including, but not limited to, the

5  accounts set forth below:

6

| Bank Name | Account Name | Account No. |
|---|---|---|
| Wells Fargo Bank, NA | Mitchell, Porter And Williams Inc. | 201-9081132 |
| Wells Fargo Bank, NA | AAA Investment Holding Trust Thomas Mitchell Owner | 443720990 |
| JPMorgan Chase Bank, NA | AB3, Inc. | 000004460237980 |

## XIV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this

Court, Defendants MPW, the AAA Trust, AB3, and Mitchell, and their officers,

agents, servants, employees, attorneys, subsidiaries and affiliates, and those

persons in active concert or participation with any of them, who receive actual

notice of this Order, by personal service or otherwise, and each of them, be and

hereby are permanently restrained and enjoined from, directly or indirectly:

destroying, mutilating, concealing, transferring, altering, or otherwise disposing of,

in any manner, any documents, which includes all books, records, computer

programs, computer files, computer printouts, contracts, correspondence,

memoranda, brochures, or any other documents of any kind in their possession,

custody or control, however created, produced, or stored (manually, mechanically,

electronically, or otherwise), pertaining in any manner to the defendants, and their

subsidiaries and affiliates.

## XV.

IT IS FURTHER ORDERED that Defendants MPW, the AAA Trust, AB3, and Mitchell shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3) and Section 209 of the Advisers Act, 15 U.S.C. § 80b-9. The Court shall determine the amounts of the disgorgement and civil penalty upon the Motion of the Commission. Prejudgment interest shall be calculated pursuant to 28 U.S.C. § 1961 based on the date of entry of the order fixing the amount of disgorgement. In connection with the Commission's Motion for disgorgement and/or civil penalties, and at any hearing held on such a motion:

(a)     Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint;

(b)     Defendants may not challenge the validity of this Judgment by Default;

(c)     solely for purposes of such Motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and

(d)     the Court may determine the issues raised in the Motion on the basis of affidavits, declarations, excerpts of sworn testimony or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's Motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## XVI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders

1   and decrees which may be entered herein and to entertain any suitable application

2   or motion for additional relief within the jurisdiction of this Court.

3

4   IT IS SO ORDERED.

5

6   DATED:        October 26 , 2010

7                              PHILIP S. GUTIERREZ

8                              UNITED STATES DISTRICT JUDGE

9

10  Presented by:

11

12  Gregory C. Glynn
    Attorneys for Plaintiff
13  Securities and Exchange Commission

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648 Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On August 23, 2010, I served the document entitled:

**[PROPOSED] REVISED JUDGMENT OF PERMANT INJUNCTION AND OTHER RELIEF BY DEFAULT AND ORDERS: (1) CONTINUING ASSET FREEZE AND (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS**
on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[ ]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail the electronic mail address as stated on the attached service list.

[ ]   **E-FILING:** By causing the document to be electronically filed via the Court's CM/ ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX (BY AGREEMENT ONLY):** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

Date:   August 23, 2010

_____
Gregory C. Glynn

1

1         **SEC v. Mitchell, Porter & Williams, Inc., et al.**
       **United States District Court – Central District of California**
2               **Case No.  10 cv-01576 PSG (FFMx)**
                     **(LA-3784)**

3

4                       <u>SERVICE LIST</u>

5    1.      Thomas L. Mitchell
               Mitchell, Porter & Williams, Inc.
6             6080 Center Drive, 6th Floor
            Los Angeles, CA 90045

7

            Telephone:  (310) 827-5934
8            Facsimile:   (310) 943-3281
            ***Defendant***

9

10   2.      Mitchell, Porter & Williams, Inc.
            6080 Center Drive, 6th Floor
11            Los Angeles, CA 90045

12            Telephone:  (310) 827-5934
            Facsimile:   (310) 578-3281
13            ***Defendant***

14

15   3.      The Adivanala AA Investment Trust
            c/o Thomas L. Mitchell, Trustee
            Mitchell, Porter & Williams, Inc.
16            6080 Center Drive, 6th Floor
            Los Angeles, CA 90045
17            ***Defendant***

18

19   4.      AB3, Inc.
            c/o Thomas L. Mitchell
            Mitchell, Porter & Williams, Inc.
20            6080 Center Drive, 6th Floor
            Los Angeles, CA 90045
21            ***Defendant***

22

23   5.      AB3, Inc.
            Acorn Corporate Services, Registered Agent
            3225 McLeod Drive, Suite 110
24            Las Vegas, NV 89121
            ***Registered Agent for Defendant AB3, Inc.***

25

26

27

28